IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUDOLPH GRIFFIN,<br><br>  Petitioner,<br><br>vs.<br><br>JOHN BURGE, Superintendent, Auburn Correctional Facility,<br><br>  Respondent. | No. 9:08-cv-00934-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 54] |

Rudolph Griffin was convicted in New York state court of state offenses and sentenced to prison. On September 2, 2008, after his state conviction became final, he petitioned in this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Docket No. 1. On February 13, 2012, his petition was denied and judgment entered against him. Docket Nos. 41, 42. This Court and the Second Circuit Court of Appeals denied a certificate of appealability ("COA") after finding under 28 U.S.C. § 2253 (c)(1) and (2) that Griffin had not made a substantial showing of the denial of a constitutional right. Docket Nos. 41, 45. On June 10, 2014, Griffin filed a motion for relief from the judgment, *i.e.* the denial of his habeas petition, pursuant to Federal Rule of Civil Procedure 60(b)(6). Docket No. 46. The Court dismissed the Rule 60(b) motion as untimely and without merit. Docket No. 39. Griffin appealed the dismissal, Docket No. 51, and the Second Circuit affirmed, Docket No. 53. More than nine years after his habeas petition was denied, Griffin now files a second motion for relief from the denial pursuant to Rule 60(b)(4) and (6). Docket No. 54.

## GOVERNING LAW

Under Rule 60(b), a party may seek relief from judgment and to re-open his case in limited circumstances. *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). The rule provides:

> GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>     (1) mistake, inadvertence, surprise, or excusable neglect;
>     (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>     (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>     (4) the judgment is void;
>     (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>     (6) any other reason that justifies relief.

A motion to reopen a habeas proceeding under Rule 60(b) is permissible where it "relates to the integrity of the federal habeas proceeding, not to the integrity of the state criminal trial." *Rodriguez v. Mitchell*, 252 F.3d 191, 199 (2d Cir. 2001); *see also Gonzalez v. Crosby*, 545 U.S. 524, 438 (2005). Rule 60(b) is not a vehicle for rearguing the merits of a challenged decision. *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989) (citations omitted). The decision whether to grant relief under Rule 60(b) is a matter of the district court's discretion. *See Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). Relief under Rule 60 is considered "extraordinary judicial relief." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [¶] (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(1)-(3)(A); *see also* Rule 9 of the Rules Governing § 2254 Cases in the United States District Courts.

AEDPA "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." *Tyler v. Cain*, 533 U.S. 656, 661 (2001). AEDPA "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." *Felker v. Turpin*, 518 U.S. 651, 657 (1996); *see also Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Second or successive habeas petitions are subject to the "extremely stringent" requirements of AEDPA. *Banister v. Davis*, 140 S. Ct. 1698, 1707 (2020).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Second or successive habeas petitions filed in the district court without an authorizing order from the court of appeals

shall be dismissed.  *See* 28 U.S.C. § 2244(b); *see also Burton v. Stewart*, 549 U.S. 147, 153 (2007) (where petitioner neither sought nor received authorization from Court of Appeals before filing second or successive petition, district court should have dismissed petition for lack of jurisdiction).

**DISCUSSION**

In the instant motion, Griffin moves this Court for an order reopening the case pursuant to Rule 60(b) of the Federal Rules of Civil Procedure on the ground that he has allegedly uncovered new evidence since the filing of the original habeas petition that supports his claim that the prosecution improperly withheld evidence that a prosecution witness received in exchange for his testimony in Griffin's case a favorable plea in an unrelated case.  In other words, Griffin seeks to proffer new evidence, which apparently was not presented to the state courts, to support his claim of prosecutorial misconduct that has already been raised and rejected by this Court.

The Supreme Court has held, however, that motions seeking to introduce newly-discovered evidence in support of a previously-denied claim are, in essence, second or successive habeas petitions outside the scope of Rule 60(b).  *Gonzalez*, 545 U.S. at 531.  Indeed, Griffin's motion simply attacks this Court's resolution of his claim *on the merits*, and thus advances a claim that is subject to the AEDPA's bar on second or successive petitions.

Accordingly, to bring such claim Griffin is required to seek and obtain from the Second Circuit Court of Appeals an order authorizing this Court to consider a successive petition.  *See id.* at 530 (holding that, before a district court can accept a successive habeas petition, "the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet

§ 2244(b)(2)'s new-rule or actual-innocence provisions"); *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996); *see also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the motion.").. The record does not indicate that Griffin has sought or obtained such approval; consequently, this Court is without jurisdiction to consider his claim.

**IT IS THEREFORE ORDERED THAT**:

1. The Motion Pursuant to Rule 60(b) at Docket No. 54 is **DENIED** for the reasons set forth above. The denial is without prejudice to Griffin filing a second or successive petition in this Court if he obtains permission from the Second Circuit Court of Appeals. If Griffin obtains such permission, he should file a new petition for writ of habeas corpus. He should not file a motion or an amended petition in this action, nor should he use the case number of this closed case. If and when Griffin files a new petition, the Clerk will give that petition a new case number.

2. The Clerk of Court is respectfully directed to send Griffin a copy of the Second Circuit Court of Appeals' guide on filing habeas corpus petitions as well as the form Motion for an Order Authorizing the District Court to Consider a Successive or Second Motion to Vacate, Set Aside or Correct Sentence.

3. The Court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c);[1] *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))). Where, as in this case, a denial of a Rule 60 motion is involved, the petitioner's burden is to

---

[1] In the Second Circuit, an appeal from the denial of a Rule 60(b) motion seeking relief from a judgment denying a habeas petition requires a COA. *Kellogg v. Strack*, 269 F.3d 100, 102-04 (2d Cir. 2001).

prove that reasonable jurists would differ regarding whether the district court abused its discretion in denying the motion for relief from judgment. *See Kellogg*, 269 F.3d at 104. Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* FED. R. APP. P. 22(b); 2D CIR. R. 22.1.

Dated: May 7, 2021.

          /s/ James K. Singleton, Jr.
          JAMES K. SINGLETON, JR.
          Senior United States District Judge